Filed 2/3/14  P. v. Thietje CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C074418 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 13F442, 12F2148) |
| v. | |
| MARTIN ANTHONY THIETJE, | |
| Defendant and Appellant. | |

On March 28, 2012, Redding Police Department officers responded to a report of male subjects fighting at an intersection.  The first officer had several suspects at gunpoint and ordered them repeatedly to show their hands.  When they failed to follow the officer's commands, they were pepper sprayed.  Another officer drew his Taser and held defendant Martin Anthony Thietje at Taserpoint.  Defendant and Michael Steele were arrested at the scene.[1]  Adam Marz, the 22-year-old victim of the fight, lost consciousness during the physical altercation.

---

[1] Steele was a codefendant at trial.  He is not a party to this appeal.

1

In June 2012 in case No. 12F2148, defendant pleaded guilty to assault by force likely to cause great bodily injury and resisting an officer. In exchange, a related count was dismissed. Imposition of sentence was suspended and defendant was placed on probation for three years. He was ordered to make restitution to Marz and pay a fine plus penalty assessments totaling $760, a $960 restitution fine plus a 10 percent administrative fee, a $960 restitution fine suspended unless probation is revoked, an $80 court operations fee, and a $60 court facilities assessment.

In September 2012, defendant admitted a probation violation. Probation was revoked and reinstated on the same terms and conditions.

In December 2012, a petition was filed alleging that defendant violated probation by failing to report to the probation department. On January 4, 2013, a petition was filed alleging that defendant violated probation by using controlled substances and failing to report to the probation department. On January 14, 2013, a petition was filed alleging that defendant violated probation by possessing ammunition and narcotics paraphernalia.

In January 2013, a probation search was conducted at defendant's residence. The search yielded three rounds of .22-caliber ammunition. Defendant claimed the ammunition belonged to his girlfriend but recognized that, because it was found in his room, it was considered to be his. In February 2013, a petition was filed alleging that defendant violated probation by stealing meat from a delicatessen.

In April 2013 in case No. 13F442, defendant pled no contest to possession of ammunition. He also admitted violating his probation in the 2012 case.

In July 2013, judgment was imposed in both cases as follows: Defendant was sentenced to state prison for the upper term of four years in the 2012 case, plus eight months, consecutive in the 2013 case. In the 2012 case, he was ordered to pay the fines and fees previously imposed plus a $960 restitution fine suspended unless parole is revoked. He was awarded 362 days' custody credit and 362 days' conduct credit.

2

In the 2013 case, defendant was ordered to pay a $280 restitution fine plus a 10 percent administrative fee, a $280 restitution fine suspended unless parole is revoked, a $40 court operations fee, and a $30 court facilities assessment. Defendant was ordered to make restitution to the delicatessen in the amount of $50.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record shows that in the 2012 case, the trial court orally ordered defendant to "pay any outstanding fee and fine balances." This order necessarily includes the probation revocation fine that became outstanding upon revocation of probation and imposition of the prison sentence. We shall direct the trial court to correct its minutes and the abstract of judgment to include this ordered fine.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court is directed to correct its minutes and the abstract of judgment to include the probation revocation fine in the 2012 case. The court shall forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

                                                        ROBIE            , J.

We concur:


        HULL            , Acting P. J.


        HOCH          , J.

3